IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CARLTON JERMELL RICKS,

                    Plaintiff

          VS.                                   NO.  5:05-CV-403 (CAR)

C. DARDEN, *et al.*,

                    Defendants          **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                         **BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court are the MOTIONS FOR SUMMARY JUDGMENT filed by the defendants in the

above-styled case.  Tabs #27 and #30.  After being advised of his right to respond to the defendants'

motions (Tabs #29 and #32) and being given an extension of time to file (Tab #42), the plaintiff

responded to the defendants' motions with a two page pleading.  Tab #43.  The defendants have

replied to the plaintiff's response.  Tabs #44 and #45.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment

provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The
> adverse party prior to the day of hearing may serve opposing affidavits. The
> judgment sought shall be rendered forthwith if the pleadings, depositions, answers
> to interrogatories, and admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact and that the moving party is
> entitled to a judgment as a matter of law. A summary judgment, interlocutory in
> character, may be rendered on the issue of liability alone although there is a genuine
> issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); **Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See **Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## DISCUSSION

In this case, plaintiff CARLTON JERMELL RICKS alleges that he was subjected to excessive force while being apprehended by authorities after a high speed chase (including an allegation that he was subjected to being indecently exposed in public) and that the prison staff was deliberately indifferent to his serious medical needs after he was incarcerated. As stated above, all evidence must be viewed in the light most favorable to the plaintiff. However, the plaintiff has failed to provide **<u>ANY</u>** evidence on his behalf, even after the court cautioned him that

> **[T]he party opposing the granting of summary judgment <u>cannot rest on his pleadings</u>** to present an issue of fact but <u>must</u> make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. Tabs #29 and #32.

Because the defendants have provided evidence in the form of affidavits and the plaintiff has failed to rebut that evidence, the court must take as fact the evidence as presented by the defendants. As such, there is no issue of fact and the defendants are entitled to judgment as a matter of law: The defendants have provided affidavits to the court showing that the plaintiff's contentions that the defendants used excessive force are unfounded and that the medical care the plaintiff received for any injuries was constitutionally appropriate.

## MEDICAL TREATMENT

The plaintiff received constant, adequate care from the prison medical staff, including receiving prescriptions for his back and neck pain. No medical professional ever recommended that the plaintiff receive an x-ray to assess the damage to his back. There is no evidence that the plaintiff was ever denied access to medical care. Accordingly, IT IS RECOMMENDED that the MOTION FOR SUMMARY JUDGMENT filed by defendants PAT SMITH, JESSE GRANT, and LAURA MOORE (Tab #37) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**EXCESSIVE FORCE**

Even if the plaintiff RICKS *could* produce evidence that a defendant used more force than was necessary when apprehending the plaintiff (which he has failed to do), he has still not shown that the injuries that he received were more than *de minimis* (the injuries alleged are minor bruises, a "busted lip," and "neck and back injuries") or that they were caused by the defendants at all (rather than by the high speed chase that ended with the plaintiff's jumping from a moving car and/or colliding with a police car).

Even if the plaintiff RICKS could provide evidence showing that his injuries were serious and had been caused by one or more of the defendants, he has still not provided *any* evidence to show that *any* defendant used *unreasonable* force under the circumstances as the plaintiff was fleeing the authorities after a high speed chase on a highway. *See **Graham v. Connor***, 490 U.S. 386, 396 (1989).

In order for a plaintiff's excessive force claim to get past summary judgment, he must give a factual rebuttal to every one of those assertions in addition to providing evidence regarding the subjective inquiries associated with qualified immunity. Plaintiff Ricks has failed to do so.

Accordingly, IT IS RECOMMENDED that defendants C. DARDEN and RICKY DAVIS' MOTION FOR SUMMARY JUDGMENT (Tab #27) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 28th day of FEBRUARY, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE